**ISC, INC., and Victoria Bohlke, decedent Russ Bohlke's personal representative, Plaintiffs–Appellants,**

v.

**State of CALIFORNIA; et al., Defendants–Appellees.**

**No. 08–15374.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2010.

Filed May 14, 2010.

Timothy Squire Thimesch, Esquire, Thimesch Law Offices, Walnut Creek, CA, Gene Allen Farber, Esquire, Law Office of Gene A. Farber, San Francisco, CA, for Plaintiffs–Appellants.

William McMahon, Esquire, Deputy Attorney General, Jennifer G. Perkell, Esquire, Office of the California Attorney

General, Oakland, CA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM *

Appellants ISC, Inc., and Victoria Bohlke, acting as personal representative of her husband, Russ Bohlke,[1] appeal the district court's order granting summary judgment to defendants in this matter. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and dismiss in part.

We agree with defendants that Bohlke's claims for injunctive relief are moot in light of his recent death. *See, e.g., Kennerly v. United States,* 721 F.2d 1252, 1260 (9th Cir.1983). As to Bohlke's claims for damages—to the extent they remain at issue in this appeal[2]—we affirm the district court's order granting summary judgment to defendants.[3] Damages are only available under Title II of the Americans with Disabilities Act ("ADA") when a state defendant acted with deliberate indifference. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138 (9th Cir.2001). Bohlke provided the district court with no evidence of defendants' discriminatory intent

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. Victoria Bohlke was substituted for plaintiff Russ Bohlke, pursuant to Fed. R.App. P. 43(a)(1), after the latter died during the pendency of this appeal.

2. The State asserts that Bohlke abandoned his claims for damages before the district court. When asked for clarification at oral argu-

ment, Bohlke's counsel was unable to inform the court precisely which of Bohlke's claims remained at issue in this lawsuit and what relief Bohlke sought.

3. We review the district court's order granting summary judgment *de novo,* and may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.,* 575 F.3d 1040, 1047 (9th Cir.2009).

in response to defendants' summary judgment motion. Accordingly, the district court properly granted summary judgment to defendants on the ADA damage claims.

We also hold that co-plaintiff ISC lacks standing to pursue Bohlke's claims. ISC bore the burden of establishing that it had standing to proceed in federal court. *Am. Fed'n of Gov't Employees Local 1 v. Stone*, 502 F.3d 1027, 1032 (9th Cir.2007). Yet, the factual basis of ISC's organizational standing was neither pled in the complaint nor otherwise presented to the district court. The record therefore does not disclose whether any of ISC's other members will be injured by defendants' policies, or even if ISC has any other members at all. *See White Tanks Concerned Citizens, Inc. v. Strock*, 563 F.3d 1033, 1038 (9th Cir. 2009) ("Some of the individual members of [the organization] must demonstrate that they will suffer an injury as a result of [the challenged action.]").

Accordingly, we affirm the district court's order granting summary judgment to defendants on Bohlke's damages claims, and dismiss the remainder of Bohlke's appeal. We also affirm as to ISC's appeal. Costs on appeal are awarded to appellees.[4]

**AFFIRMED in part; DISMISSED in part.**

---

4. In light of this memorandum disposition, we deny defendants-appellees' motion to dismiss this appeal as moot.